# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**LARRY RONK,**

    Plaintiff,

vs.                                CIVIL ACTION NO.

**CTIPATH, LLC, a Limited Liability Company and JEA**

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LARRY RONK ("Plaintiff" or "Ronk"), through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants, CTIPATH, LLC, a Limited Liability Company and JEA, (collectively "Defendants") and states as follows:

## INTRODUCTION

1. This is an age discrimination action brought pursuant the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq*. ("ADEA") as well as Fla. Stat. 760 *et. seq*. (the "FCRA"), by Larry Ronk, a 72-year-old software engineer, who was discriminated against by Defendants for no reason other than his age. Ronk is seeking all legal and equitable relief available under the ADEA and the FCRA.

## NATURE OF THE ACTION

2. Mr. Ronk is pursuing claims for unlawful age discrimination. Mr. Ronk was hired as an Application Consultant Developer by CTIPath, LLC, working from home here in Florida. Mr. Ronk worked remotely without incident for three (3) weeks for the company until he attended a team meeting at JEA's primary place of business located in Jacksonville. Two days after the meeting, Mr. Ronk received an email from CTIPath's COO, Alan Knox,

1

requesting that he call him. Mr. Knox, who was not present at the meeting, informed Mr. Ronk that he received feedback from a team member at JEA and they felt that "he was not a good fit culturally." Mr. Knox then terminated Mr. Ronk's employment during that conversation. At 70 years old (at the time), Mr. Ronk observed he was at least 30 years older than any other member of the team. Based upon information and belief, Mr. Ronk was terminated because of his age.

3. Mr. Ronk seeks: (i) back pay and front pay (where reinstatement is not feasible); (ii) compensatory damages in whatever amount he is found to be entitled; (iii) liquidated damages in whatever amount he is found to be entitled; (iv) an award of interest, costs and reasonable attorney's fees and expert witness fees; (v) punitive damages; (vi) equitable relief; (vii) declaratory relief; (viii) pre-judgment and post-judgment interest (where allowable); and (ix) a jury trial on all issues so triable.

## JURISDICTION - PARTIES - VENUE

4. This Court has federal-question jurisdiction pursuant 28 U.S.C. §1331. The Court has jurisdiction to grant declaratory relief and further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendants regularly conduct business in this judicial district.

6. At all times material to this action, Plaintiff was a resident of Nassau County, Florida.

7. At all times material, Plaintiff was 70 years old, and is now 72 years old.

8. At all times material, Plaintiff was protected by the ADEA because he is over forty years of age.

9. At all times material, Plaintiff was protected by the FCRA by virtue of his age.

10. At all times material, Plaintiff was and is an individual protected by the ADEA.

11. At all times material, Plaintiff was and is an individual protected by the FCRA.

12. At all times material to this action, CTIPath, LLC, was, and continues to be, a Limited Liability Company, with its headquarters in North Carolina, doing business in Florida. CTIPath, LLC, can be served with process upon its registered agent, Ronald Alan Knox, at 8480 Honeycutt Road, Suite 200, Raleigh, NC 27615.

13. At all times material, CTIPath, LLC, regularly and continuously engaged in business in the State of Florida.

14. Further, CTIPath, LLC, negotiated an employment contract with Plaintiff while Mr. Ronk resided in the state of Florida, and Mr. Ronk was to perform services remotely in the state of Florida, and was to work directly for JEA through CTIPath, LLC, in Florida.

15. At all times material to this action, JEA was, and continues to be, a community owned company engaged in and doing business in the State of Florida.

16. On information and belief CTIPath, LLC and JEA acted in all respects material to this action as the agent of the other, carried out a joint scheme, business plan or policy in material respects hereto, and the acts of CTIPath, LLC and JEA are legally attributable to each other.

17. The unlawful acts alleged in this Complaint were committed by Defendants' and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendatns' business or affairs and with the authorization of the Defendants.

18. At all times material to this action Defendants directly or indirectly, controlled and directed the day to day employment of Plaintiff, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; and (vii) working conditions.

19. Defendants clearly operate as one entity despite separate corporate forms.

20. The Defendants agreed to allocate responsibility for, or otherwise codetermined key terms and conditions of the Claimant's work and jointly administered training, job duties, and job assignment in Jacksonville, Florida.

21. It is clear that Defendants fulfilled their obligations pursuant to the joint service contracts as one common business enterprise with a common business purpose of providing electric utility services to the people of Jacksonville Florida.

22. The entities combined influence over the terms and conditions of the Plaintiff's employment renders the Claimant an employee of all the Defendants.

23. Defendants jointly employed Plaintiff.

24. At all times material, Defendants were an "employer" as contemplated by the ADEA.

25. At all times material, Defendants were an "employer" as contemplated by the FCRA.

26. Defendants do business in this judicial district and the majority of the acts complained of took place in this judicial district.

## SATISFACTION OF CONDITIONS PRECEDENT

27. Plaintiff has exhausted his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission, which was dual filed with the Florida Commission on Human Rights.

28. On September 26, 2019, the EEOC issued Plaintiff two separate Dismissals and Notices of Right to Sue, one against CTIPath, LLC and the other against JEA with regard to this matter. Copies of the Right to Sue letters are attached as **Exhibit A**.

29. Plaintiff files this complaint within the applicable statute of limitations.

30. Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days have passed since the filing of the charge, and the Court has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the same facts as circumstances as the federal claims.

31. All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

32. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 621 et seq. because it intentionally discriminated against Plaintiff based upon his age.

33. Defendants discriminated against Mr. Ronk on account of his age.

34. In May of 2017, Mr. Ronk applied for and was hired for the position of Application Consultant Developer with CTIPath, LLC.

35. Plaintiff worked from home for Defendants without incident from May 22, 2017, until he had to report for a team meeting at the JEA location in Jacksonville.

36. On or about June 21, 2019, Plaintiff attended the meeting and immediately noticed that he was the oldest participant in the room.

37. Plaintiff's onsite meeting was meant to introduce him to the technical team and to review the current projects and initiatives of the team. Since it was a review meeting, there was no meaningful opportunity for Mr. Ronk to participate, nor was it expected that he participate at the time.

38. Two days after the meeting, Plaintiff received an email from Alan Knox, COO of CTIPath, LLC, asking that Plaintiff call him.

39. Plaintiff called Knox, as requested, only for Knox to tell him that JEA conveyed to Knox that Plaintiff was "not a good fit culturally".

40. Plaintiff's employment was immediately terminated.

41. CTIPath, LLC, did not attempt to find alternative assignment for Mr. Ronk.

42. Defendants' reasons for terminating Plaintiff were and are discriminatory.

43. Defendants' subsequently stated reasons for terminating Plaintiff were manufactured, post hoc, after Plaintiff engaged in activities protected under the ADEA and FCRA.

44. Defendants' termination of Plaintiff based on his age constitutes discrimination in violation of the ADEA and the FCRA.

45. Defendants' actions were willful as Defendants knew or had reason to know that their actions violated federal and state law, yet Defendants acted wantonly or with reckless disregard for the law.

46. Defendants are liable for the actions of its managers and/or agents taken within the scope of their employment with Defendants and their related entities, including the decision to terminate Plaintiff's employment.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

47. Plaintiff re-alleges paragraphs 1 through 46, as if fully set forth herein.

48. The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. . ." 29 U.S.C. § 623(a).

49. Plaintiff is and was an individual protected by the ADEA.

50. Plaintiff is over the age of 40.

51. Defendants were employers within the meaning of the ADEA.

52. Plaintiff was qualified for the position of Application Consultant Developer.

6

53. Plaintiff was hired and started working from home for the Defendants, as an Application Consultant Developer, for three full weeks before he had on onsite meeting with his coworkers on the technical team at JEA.

54. Once Plaintiff was seen face to face, for the first time by JEA, he was immediately perceived as old as opposed to the younger team members in the group.

55. Mr. Ronk observed that he was at least 30 years older than any other member of the team.

56. Plaintiff was then informed through CTIPath, LLC, that JEA did not think Mr. Ronk fit the company culture.

57. Based on JEA's recommendation, CTIPath, LLC, fired Mr. Ronk.

58. CTIPath, LLC, did not attempt to find Mr. Ronk alternative work with the company.

59. Plaintiff was terminated on account of his age.

60. On information and belief a lesser qualified, younger candidate was hired by the Defendants to replace Plaintiff.

61. The subjection of Plaintiff to disparate treatment and adverse employment actions by Defendants in whole or substantial part because of his age was a violation of the ADEA, 29 U.S.C. § 623(a). *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000).

62. Defendants had no legitimate, non-discriminatory reason for the decision to terminate Plaintiff.

63. The age-discriminatory conduct of Defendants and their agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

64. Defendants' treatment of Plaintiff also caused him irreparable harm through the violation of his rights against age discrimination, for which there is no adequate remedy at law.

65. Defendants' age-discriminatory behavior towards Plaintiff was willful, entitling him to liquidated damages.

66. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendants' violation of his civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

67. Plaintiff is entitled to damages, including actual damages, compensatory damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

## COUNT II

## UNLAWFUL DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (AGE)

68. Plaintiff incorporates paragraphs 1-46 as if fully set forth herein.

69. The Florida Civil Rights Act makes it unlawful for an employer "to refuse to hire any individual . . . or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . age." Fla. Stat. 760.10.

70. Plaintiff was and is an individual protected by the provisions of the FCRA.

71. Plaintiff is over the age of 40.

72. Defendants were employers within the meaning of the FCRA.

73. Plaintiff was qualified for the position of Application Consultant Developer.

74. Plaintiff was hired and started working from home for the Defendants, as an Application Consultant Developer, for three full weeks before he had on onsite meeting with his coworkers on the technical team at JEA.

75. Once Plaintiff was seen face to face, for the first time by JEA, he was immediately perceived as old as opposed to the younger team members in the group.

76. Mr. Ronk observed that he was at least 30 years older than any other member of the team.

77. Plaintiff was then informed through CTIPath, LLC, that JEA did not think Mr. Ronk fit the company culture.

78. Based on JEA's recommendation, CTIPath, LLC, fired Mr. Ronk.

79. CTIPath, LLC, did not attempt to find Mr. Ronk alternative work with the company.

80. Plaintiff was terminated on account of his age.

81. On information and belief a lesser qualified, younger candidate was hired by the Defendants to replace Plaintiff.

82. The subjection of Plaintiff to disparate treatment and adverse employment actions by Defendants in whole or substantial part because of his age was a violation of the FCRA. *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000).

83. Defendants had no legitimate, non-discriminatory reason for the decision to terminate Plaintiff.

84. The age-discriminatory conduct of Defendants and their agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

85. Defendants' treatment of Plaintiff also caused him irreparable harm through the violation of his rights against age discrimination, for which there is no adequate remedy at law.

86. Defendants' age-discriminatory behavior towards Plaintiff was knowing and willful, or in reckless disregard of the law entitling him to punitive damages.

87. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendants' violation of his civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

88. Plaintiff is entitled to damages, including actual damages, compensatory damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for damages in an amount to be determined at trial, together with interest, cost of suit, attorneys' fees and all such other relief as the court deems just and proper which include:

   a. Declare that the aforementioned practices and actions of Defendants constitute unlawful employment practices in violation of the ADEA and FCRA;

   b. Award Plaintiff all lost wages, past and future, and other monetary damages to which he is entitled to including interest;

   c. Award Plaintiff compensatory damages in whatever amount he is found to be entitled;

   d. Award Plaintiff an equal amount of liquidated damages in whatever amount he is found to be entitled;

e. Award Plaintiff punitive damages in whatever amount he is found to be entitled;

f. Award of interest, costs and reasonable attorneys and expert witness fees;

g. Award of equitable relief, declaratory relief, and any and all further relief that this Court determines to be just and appropriate or available pursuant to statutes cited herein or otherwise.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 20th day of December, 2019.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

*s/ Paul M. Botros*
Paul M. Botros, Esquire
FL Bar No.: 063365
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: 954-327-5352
Fax: 954-327-3017
E-mail: pbotros@forthepeople.com

*Trial Counsel for Plaintiff*