United States District Court
Middle District of Florida
Jacksonville Division

**LARRY RONK,**

    *Plaintiff,*

v.                                                                                 **NO. 3:19-CV-1467-J-20PDB**

**CTIPATH, LLC, & JEA,**

    *Defendants.*

---

# Order

Before the Court is defendant JEA's motion to strike plaintiff Larry Ronk's amended complaint as untimely. Doc. 16. Ronk opposes the motion. Doc. 16 at 4.

On January 28, JEA moved to dismiss the original complaint. Doc. 12. On February 10, Ronk moved without opposition for more time to respond to the motion to dismiss due to counsel's travel schedule, observing the response was due February 11 and requesting 14 more days. Doc. 13. The Court granted the motion, directing Ronk to "respond to the motion to dismiss by February 25[.]" Doc. 14. On February 25, Ronk filed the amended complaint. Doc. 15.

JEA argues the amended complaint is untimely under Federal Rule of Civil Procedure 15 because Ronk filed it more than 21 days after service of the motion to dismiss (the 21-day deadline was February 18).[1] Doc. 16. Citing Local Rule 3.01(b),

---

[1]Rule 15 provides, "A party may amend its pleading once as a matter of course within" either "21 days after serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)–(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

JEA contends that although the Court extended the deadline to respond to the motion to dismiss to February 25, a "response" to a motion to dismiss does not include an amended complaint, and the amended complaint thus is untimely.[2] Doc. 16 at 2–3. JEA explains that because Ronk's counsel referenced in the motion for extension an original response due date within 14 days of the motion to dismiss instead of the 21 days allowed for an amendment, Ronk was seeking an extension to respond in opposition to the motion to dismiss. Doc. 16 at 3–4. JEA states that Ronk's counsel used the same "response" language from the motion in an email to JEA's counsel about the extension, and JEA's absence of opposition to an extension was for the response deadline only, not the amended complaint deadline.[3] Doc. 16 at 3–4; *see* Doc. 16-1 and Doc. 16-2 (emails). JEA contends counsel's conferral under Local Rule 3.01(g) therefore was not in good faith, and he did not have written consent or leave of court to file an amended complaint beyond February 18. Doc. 16 at 4–5.

A written response in opposition to the motion to strike is unnecessary. *See* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

The Court **denies** the motion to strike the amended complaint, Doc. 16, and deems the amended complaint, Doc. 15, the operative pleading.

Rule 15 anticipates filing an amended pleading as an appropriate and efficient response to a motion to dismiss to correct deficiencies identified, and the Court's order extending the deadline used the word "respond" without defining it in a limiting

---

[2]Local Rule 3.01(b) provides, "Each party opposing a motion or application shall file within 14 days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request[.]"

[3]Local Rule 3.01(g) provides that, before filing most types of motions, "the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion."

manner. Although JEA reasonably believed Ronk would be responding in opposition to the motion to dismiss rather than filing an amended pleading in response to the motion to dismiss, the Court would have extended the deadline regardless of the type of response contemplated and regardless of JEA's position; after all, the action is relatively new, the requested extension was short, the reason for the need for more time was sound, and Ronk has not previously asked for any extension. Moreover, even were the Court to strike the amended complaint, the Court would permit amendment given the liberal amendment standard in Rule 15, the absence of a previous amendment, and the relative newness of the action. *See Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." (internal quotation marks and alterations omitted)).

To give JEA sufficient time to respond to the amended complaint, the Court sua sponte **extends** the response deadline to **March 24, 2020**.

In light of the amended complaint, the pending motion to dismiss the original complaint, Doc. 12, is **denied without prejudice** as moot.

The other defendant, CTIPath, LLC, has not appeared. The service of process deadline is approaching (March 19). By **March 20, 2020**, Ronk must file proof of service under Federal Rule of Civil Procedure 4(l).[4]

**Ordered** in Jacksonville, Florida, on March 12, 2020.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of record

---

[4]Rule 4(l) provides, "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."